# EXHIBIT A

EXECUTION VERSION

# PROMISSORY NOTE

**Principal Amount: USD 305,000,000**

**Dated:** _____4 November_____ 2020 (the **"Effective Date"**)

1. **HUGH S. WILSON** whose address is at 575 Circle Drive, Denver, Colorado 80206-4112 USA ("the **Original Trustee**") in his capacity as trustee of the Change of Control Trust for the Clanwilliam Group (the "**Trust**"), established by the Irrevocable Trust Instrument dated ___4 November___, 2020 (the "**Trust Instrument**"), at the behest and direction of the Settlor and the Beneficiary hereby issues this Promissory Note to **TRITON FINANCIAL LIMITED** a company registered in Ireland (no. 534652) whose registered office is at Office Suite 17, The Courtyard Carmanhall Road Sandyford, Dublin 18 Ireland ("the **Settlor**") in consideration for the Settlor agreeing to the arrangements necessary to accommodate, and ancillary to, the issue to the Trustee of the Trust to hold on the terms of the Trust of 15,000,000 A Ordinary Shares of EUR 0.00001 each in the capital of Clanwilliam Headquarters Limited a company registered in Ireland (no.126018) (the "**Company**") at a price of EUR 0.00001 per share pursuant to the Subscription Letter (as defined in the Trust Instrument) (the "**Shares**").

2. Unless defined in herein, any terms shall have the same meaning as set out in the Trust Instrument. All references to the Original Trustee in this Promissory Note shall be to the Original Trustee in his capacity as trustee of the Trust.

3. The Original Trustee for value received promises to pay to the Settlor the principal amount of USD 305,000,000 plus any accrued, but unpaid interest thereon, from the Trust Assets, on the Maturity Date (as defined in the Trust Instrument).

4. The Original Trustee hereby unconditionally promises to pay to the order of the Settlor interest compounded annually, on the unpaid Principal Amount of this Promissory Note, for the period from and including the date hereof to, but excluding, the Maturity Date (as defined in the Trust Instrument) as follows:

    a. The Principal Amount shall bear interest payable in cash on the outstanding balance thereof at a rate per annum equal to twenty-five percent (25.00%), and shall be payable hereunder in arrears on the first business day of each fiscal quarter (i.e., on the first business day of each of January, April, July and October) (a "**Cash Interest Payment**") from assets available for payment pursuant to clause 11.1 of the Trust Instrument and the law, provided, however, to the extent any such accrued Cash Interest Payment (or any portion thereof) is not paid on the date such payment is due and payable, such unpaid amount shall be automatically, without any further action of the Original Trustee or the Settlor, compounded and added to the Principal Amount on the date that such interest is accrued (the "**PIK Interest**"). For the avoidance of doubt, the non-payment of the Cash Interest Payment on the schedule described herein shall not constitute an Event of Default (as defined below) hereunder.

    b. All interest accrued hereunder but unpaid as of the day preceding the Maturity Date (as defined in the Trust Instrument) shall be payable in cash on the Maturity Date (as defined in the Trust Instrument).

    c. Failure by the Original Trustee to pay all or a portion of interest or principal when due as a result of insufficient available Trust Assets (after deduction of Trust Costs as set forth in the Trust Instrument) or application of the law shall not be deemed a default hereunder.

5. Notwithstanding any other provisions hereof a transfer by the Original Trustee to the Settlor of the Trust Assets (including the proceeds of any Disposition) on the Maturity Date (as defined

in the Trust Instrument) or, if earlier, the termination of the Trust Instrument shall constitute the payment to the Settlor by the Original Trustee of the Principal Amount plus all accrued but unpaid interest (after provision of all Trust Costs) in full, regardless of whether the value of the Trust Assets shall have decreased below the outstanding balance of the Principal Amount (plus all accrued but unpaid interest) at the time of such payment.

6. Notwithstanding any other provisions hereof, the Original Trustee's obligations pursuant to the terms of this Promissory Note shall be subject to the rights of the Senior Lenders and the Security Agent (as defined in the Trust Instrument) as set out in the Senior Facility and the restrictions on payments of dividends, distributions and other payments to direct or indirect shareholders under the Senior Facility. To the extent that there is an "*Event of Default*" as defined in the Senior Facility which results in the enforcement of the security held by the Security Agent on behalf of the Senior Lenders, then the obligations of the Original Trustee pursuant to this Promissory Note shall be satisfied by the Original Trustee paying any net proceeds received by the Original Trustee from the Security Agent to the Settlor after paying all Trust Costs. If no net proceeds are received, the obligations of the Original Trustee pursuant to this Promissory Note shall be deemed satisfied. If such net proceeds after expenses exceed the amount then owing on this Promissory Note the excess funds shall remain subject to the terms of the Trust in accordance with the Trust Instrument.

7. If one or more of the following events shall occur and be continuing (each an "**Event of Default**"):

    a) the Original Trustee shall default in the payment of any principal or interest on this Promissory Note when due and any such default shall have continued unremedied for thirty (30) or more days after notice thereof by the Settlor to the Original Trustee (provided, however, that the failure to make a Cash Interest Payment and the resulting automatic compounding and adding of PIK Interest shall not constitute an Event of Default hereunder);

    b) the Original Trustee or any successor trustee materially breaches any provision of the Trust Instrument and such breach, if capable of remedy, is not remedied within a reasonable time; or

    c) any material provision of this Promissory Note shall for any reason cease to be valid, binding and enforceable in accordance with its terms,

    THEREUPON: if not already fully due and payable at the Maturity Date (as defined in the Trust Instrument), the Settlor may, by notice to the Original Trustee, declare the Principal Amount then outstanding of, and the accrued interest on, this Promissory Note to be accelerated, whereupon such amounts shall be immediately due and payable without presentment, demand, protest or other formalities of any kind, all of which are hereby expressly waived by the Original Trustee. In such event, or if earlier due and payable, a transfer by the Original Trustee to the Settlor of the Trust Assets and termination of the Trust shall be the Settlor's only remedy and such transfer and termination shall fulfil all obligations of the Original Trustee without regard to the value of the Trust Assets.

8. All payments shall be made in US Dollars in immediately cleared funds, or as otherwise agreed between the Original Trustee and the Settlor, in full and without any deduction or withholding, except for deductions or withholdings required to be made by law. If any deductions or withholdings are required by law to be made from any such payments, the amount of the payment shall be increased by such amount as will, after the deduction or withholding has been made, leave the recipient of the payment with the same amount as it would have been entitled to receive in the absence of any such requirement to make a deduction or withholding.

9. The Original Trustee hereby waives presentment, demand for payment, notice of dishonour, protest and any and all other notices or demands in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note.

10. In no event and at no time shall the Original Trustee be obligated hereunder or otherwise to make any transfer or payment to the Settlor in excess of the Trust Assets (after deduction of Trust Costs) then held by him. Any transfer to the Settlor of the Trust Assets held by him at any time (after a reasonable reserve for Trust Costs) shall be deemed a full repayment and discharge of the obligations of the Original Trustee under this Promissory Note, including all principal and accrued interest.

11. Any and all other provisions of this Promissory Note notwithstanding, the Original Trustee shall have no personal liability whatsoever to any person under this Promissory Note. Any sum which becomes payable in respect of this Promissory Note shall be payable solely from the Trust Assets.

12. No variation or amendment of this Promissory Note shall be valid unless it is in writing and duly executed by or on behalf of all parties to this Promissory Note.

13. This Promissory Note shall be binding upon the Original Trustee, any co-trustees and their successors trustees and permitted assigns. The Original Trustee may not assign this Promissory Note unless the Original Trustee has obtained the Settlor's prior written consent. At such time as the Original Trustee, any co-trustee, or any successor trustee ceases to serve as trustee of the Trust for any reason such person shall cease having any obligations under this Promissory Note.

14. If any term or provision of this Promissory Note or the application thereof to any person or circumstance shall be invalid, illegal or unenforceable in any respect, the remainder of this Promissory Note shall be construed without such provision, and the application of such term or provision to persons or circumstances other than those as to which it is held invalid, illegal or unenforceable, as the case may be, shall not be affected thereby, and all other terms and provisions of this Promissory Note shall be valid and enforceable to the fullest extent permitted by law or equity.

15. This Promissory Note may be executed in any number of counterparts. Each counterpart shall constitute an original of this Promissory Note but all the counterparts together shall constitute but one and the same instrument.

16. This Promissory Note and any contractual obligations arising out of or in connection therein shall be governed by, and construed in accordance with, the laws of England and Wales. The Original Trustee irrevocably agrees that the courts in England and Wales shall have exclusive jurisdiction over any dispute or claim arising out of or in connection with this Promissory Note.

This Promissory Note has been entered into as a **deed** on the date stated at the beginning of it.

SIGNED and DELIVERED for and on behalf of and as a deed of
TRITON FINANCIAL LIMITED
by its lawfully appointed attorney

in the presence of:

Signature of Witness: *Kathryn Schueller*

Name of Witness: Kathryn Schueller

Address of Witness: 4916 W. 139th Street
Hawthorne, CA. 90250

Occupation of Witness: Executive Assistant

*[Signature Page – Trust Note]*

SIGNED as a Deed for and on behalf of **HUGH S. WILSON** in his capacity as Original Trustee of the Trust in the presence of _Terry W. Tyler_

_/s/ Hugh S. Wilson_

Hugh S. Wilson
Original Trustee of the Trust

_/s/ Terry W Tyler_

Witness signature

Witness name: Terry W. Tyler
Witness address: 49 Smolia Circle #4800
Santa Rosa Beach, FL 32459
USA

*[Signature Page – Trust Note]*