UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GREG E. LINDBERG,<br><br>     Plaintiff,<br><br> v.<br><br>HUGH STEVEN WILSON and<br>TA ASSOCIATES, L.P.,<br><br>     Defendants. | Civil Action No. 1:25-cv-00133-DAE |

**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(2), AND 12(b)(6)**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...............................................................................................................1

ARGUMENT:

I.     LINDBERG LACKS STANDING TO BRING HIS CLAIMS .........................................2

    A.     The Complaint Establishes That Lindberg Does Not Own Clanwilliam.................2

    B.     Lindberg's Contrary Arguments Fail To Establish Standing ..................................4

II.     THE COURT LACKS STATUTORY DIVERSITY JURISDICTION OVER LINDBERG'S CLAIMS...................................................................................................5

III.     THE COURT LACKS PERSONAL JURISDICTION OVER BOTH DEFENDANTS .................................................................................................................7

    A.     The Court Lacks Personal Jurisdiction Over Wilson...............................................7

    B.     The Court Lacks Personal Jurisdiction Over TA Associates...................................9

IV.     IF THE COURT REACHES THE MERITS, IT SHOULD DISMISS LINDBERG'S COMPLAINT FOR FAILURE TO STATE A CLAIM ...........................10

CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

Page

**CASES**

*Ann v. Lone Star Fund IV (U.S.), L.P.*, 2023 WL 5727317 (N.D. Tex. Aug. 22, 2023), *report and recommendation adopted*, 2023 WL 5725538 (N.D. Tex. Sept. 5, 2023) .................................................................................................................................7

*Butler v. Hinkle*, 2020 WL 9815860 (W.D. Tex. Aug. 25, 2020) ....................................................6

*DigitalDesk, Inc. v. Bexar Cnty., Texas*, 2024 WL 2420810 (W.D. Tex. May 23, 2024), *appeal pending*, No. 24-50513 (5th Cir.) ......................................................................... 6

*Edmondson v. Cedar Park Health Sys., L.P.*, 2018 WL 4677897 (W.D. Tex. June 8, 2018), *report and recommendation adopted*, 2018 WL 4701812 (W.D. Tex. July 30, 2018).................................................................................................................................6

*El Paso Cnty. v. Trump*, 982 F.3d 332 (5th Cir. 2020).....................................................................4

*Gonzalez v. De Leon*, 2015 WL 5037396 (Tex. App. Aug. 26, 2015) ............................................3

*Herschbach v. City of Corpus Christi*, 883 S.W.2d 720 (Tex. App. 1994) ...................................10

*Huie v. DeShazo*, 922 S.W.2d 920 (Tex. 1996)..............................................................................10

*Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314 (5th Cir. 2021) .......................................5, 6

*JTH Tax, LLC v. Butschek*, 2020 WL 5083523 (S.D. Tex. Aug. 3, 2020) ......................................7

*Klein v. Century Lloyds*, 275 S.W.2d 95 (Tex. 1955)....................................................................10

*Lee v. Rogers Agency*, 517 S.W.3d 137 (Tex. App. 2016) ..............................................................3

*Martin v. City of Las Vegas, City Hall*, 2024 WL 5078142 (W.D. Tex. Dec. 10, 2024) ................7

*MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019)..........................5

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429 (5th Cir. 2014) ...................................................8

*Pace v. Cirrus Design Corp.*, 93 F.4th 879 (5th Cir. 2024)...........................................................10

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865 (5th Cir. 2001) ..................7

*Pelletier v. Victoria Air Conditioning, Ltd.*, 780 F. App'x 136 (5th Cir. 2019) .....................2, 3, 5

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001)................................................................5

*Ron v. Ron*, 2020 WL 1426392 (S.D. Tex. Feb. 4, 2020), *report and recommendation adopted*, 2020 WL 1700320 (S.D. Tex. Mar. 23, 2020), *aff'd*, 836 F. App'x 192 (5th Cir. 2020)..................................................................................................................10

*Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364 (5th Cir. 2024)....................................9

*Stevens v. Anhui Deepblue Med. Tech. Co.*, 2023 WL 4383763 (W.D. Tex. May 4, 2023), *report and recommendation adopted*, 2023 WL 3973623 (W.D. Tex. June 13, 2023) .........................................................................................................................................7

*United States v. $38,570 U.S. Currency*, 950 F.2d 1108 (5th Cir. 1992) .........................................3

*United States v. One 18th Century Colombian Monstrance*, 802 F.2d 837 (5th Cir. 1986).............2

**CONSTITUTION AND RULES**

U.S. Const. art. III..........................................................................................................................2, 5

Fed. R. Civ. P.:

    Rule 12(b)(2)......................................................................................................................7

    Rule 12(b)(6)....................................................................................................................10

**OTHER MATERIALS**

Bogert's The Law of Trusts and Trustees (July 2024 Update).............................................................3

Restatement (Second) of Trusts (1959) ..............................................................................................3

## INTRODUCTION

Lindberg's opposition does not (and cannot) contest three independently dispositive facts: (1) Lindberg does not (and legally cannot) own the assets he is suing over, (2) Lindberg and one of the Defendants are citizens of the same state (Florida), and (3) Defendants' tangential Texas contacts have no connection to the transaction challenged in Lindberg's Complaint. For each of these three reasons, this Court lacks jurisdiction over Lindberg's claims. Lindberg's opposition also fails to address the fatal deficiencies in the merits of his allegations, so if the Court reaches the merits, it should dismiss the Complaint for failure to state a claim.

**Standing.** The Trust Instrument attached to Lindberg's Complaint establishes that the Clanwilliam Trust is the sole owner of Clanwilliam – the company whose sale Lindberg's Complaint seeks to enjoin – and that Lindberg is not a settlor, trustee, or beneficiary of the Trust. The Trust Instrument also expressly *prohibits* Lindberg from owning Clanwilliam. Lindberg's opposition does not contest these facts, and he therefore lacks standing to sue over the sale of Clanwilliam. Lindberg asserts that he has a residual interest in Triton, the Trust settlor – but that is irrelevant, because Triton itself gave up ownership of Clanwilliam when it irrevocably transferred Clanwilliam to the Trust. In any event, undisputed court records make clear that Lindberg forfeited his interests in Triton to the special master.

**Diversity Jurisdiction.** Lindberg's opposition confirms that the Court lacks diversity jurisdiction. His opposition admits that he is a citizen of Florida, and Lindberg does not dispute that a partner of Defendant TA Associates is also a citizen of Florida, destroying diversity.

**Personal Jurisdiction.** Lindberg's opposition also fails to establish personal jurisdiction over either Defendant. He does not (and cannot) argue that the Court has general personal jurisdiction over either Defendant, and he offers no facts connecting Defendants' minor contacts with Texas to the transaction challenged in his Complaint.

1

**Merits.** Lindberg fails to address the controlling authority cited in Defendants' Motion establishing that a trustee has no fiduciary duty to a non-beneficiary such as Lindberg. For that reason alone, all of Lindberg's claims fail as a matter of law.

## I.    LINDBERG LACKS STANDING TO BRING HIS CLAIMS

### A.    The Complaint Establishes That Lindberg Does Not Own Clanwilliam

"[T]o establish standing, [a plaintiff] must show at least a facially colorable claim to an ownership interest in the [property at issue]." *United States v. One 18th Century Colombian Monstrance*, 802 F.2d 837, 838 (5th Cir. 1986) (per curiam); *see Pelletier v. Victoria Air Conditioning, Ltd.*, 780 F. App'x 136, 137, 140 (5th Cir. 2019) (per curiam) (affirming dismissal of complaint where plaintiff was not the "proper legal owner" of the asset at issue). The Complaint and attached Trust Instrument demonstrate that Lindberg is not the "proper legal owner" of Clanwilliam, and he therefore lacks Article III standing to challenge its sale.

The Trust Instrument attached to the Complaint makes clear that Lindberg does not (and cannot) own the assets of the Trust: It names Hugh S. Wilson as the trustee, George Vandeman as the sole beneficiary, and Triton Financial Ltd. as the settlor. The Trust Instrument mentions Lindberg only to make clear that he *cannot* own or control the Trust assets. *See* Compl. Ex. A at 3 (Lindberg "shall not . . . be the ultimate beneficial owner of[ ] . . . Clanwilliam"); Mot. at 6-7 (collecting other provisions preventing Lindberg from owning or controlling Trust assets).

Lindberg does not contest these facts (nor could he, as they are taken directly from the Trust Instrument attached to his Complaint). Instead, Lindberg claims (without any support) that he is "the sole ultimate beneficial owner of Triton," the Trust settlor. Opp. at 4. That is both irrelevant and untrue. It is irrelevant because, even if Lindberg had an ownership interest in Triton (the Trust settlor), he would not own the assets of the Trust itself or have standing to complain about their disposition. It is black-letter law that, "[a]fter a settlor has completed

2

the creation of a trust, the settlor . . . has no rights, liabilities or powers with regard to the trust administration." Bogert's The Law of Trusts and Trustees § 42 (July 2024 Update); *see also* Restatement (Second) of Trusts § 200(b) (1959) ("Neither the settlor nor his heirs or personal representatives . . . can maintain a suit against the trustee to enforce a trust or to enjoin or obtain redress for a breach of trust."); *Lee v. Rogers Agency*, 517 S.W.3d 137, 159-60 (Tex. App. 2016) ("a settlor who 'under the terms of the Trust does not manage any of the aspects of the Trust and does not stand to inherit any of the trust assets' " does not "hav[e] standing to bring an action") (cleaned up); *Gonzalez v. De Leon*, 2015 WL 5037396, at *5 (Tex. App. Aug. 26, 2015) (similar). That is true here as well: The Trust Instrument explains that the Clanwilliam Trust is an "irrevocable" trust – meaning a trust in which "the settlor . . . permanently give[s] up control of the [trust] property." Bogert's The Law of Trusts and Trustees § 234; *see* Compl. Ex. A ¶ 2.1. The Trust Instrument further states that neither Lindberg nor his "affiliates" – including any "organisation under [his] Control" – may obtain any ownership interest in Clanwilliam, *id.* at 4; so even if Lindberg was the "sole beneficial owner" of Triton as he claims, he still could not obtain any ownership interest in Clanwilliam through his "affiliate" Triton.

In any event, the Court need not credit Lindberg's unsupported assertion that he owns Triton. "[A] bare assertion of ownership . . . is inadequate to prove an ownership interest sufficient to establish standing." *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992). Rather, "[t]o prevail on a factual dispute concerning standing, a plaintiff must prove the existence of subject-matter jurisdiction by a preponderance of the evidence and is obliged to submit facts through some evidentiary method to sustain his burden of proof." *Pelletier*, 780 F. App'x at 140 (cleaned up). Lindberg submits no evidence to support his bald assertion that he "own[s]" Triton. To the contrary, Defendants' Motion attached court orders

3

establishing that Lindberg forfeited his interest in Triton to a special master in his criminal case. *See* Mot. at 4-5; Schultz Decl. Exs. 9, 11. Lindberg does not (and cannot) contest this evidence.

### B. Lindberg's Contrary Arguments Fail To Establish Standing

Lindberg's myriad attempts to manufacture standing fail. None of them changes the fact that Lindberg does not – and cannot – own the assets he is suing over, and the Court need not consider them for that reason alone. But each of these arguments fails even on its own terms.

*First*, Lindberg asserts (at 5) that he is a beneficiary of a Trust Note "back[ed] [by] Clanwilliam" and that the sale of Clanwilliam will harm him because the proceeds of that sale "will not satisfy the Trust Note balance." Not so. The Trust Note, attached as Exhibit A to Lindberg's opposition, makes clear that Lindberg is not a beneficiary. Instead, the Note was issued by Wilson (as trustee of the Clanwilliam Trust) to Triton. As explained above, Triton does not own Clanwilliam after irrevocably placing it in trust, and in any event Lindberg forfeited any interest he had in Triton to the special master. Lindberg therefore cannot suffer an injury from any transaction that might affect the Note or its collateral.

*Second*, Lindberg suggests (at 6) that he might receive his interests in Triton back from the special master at some point if the assets he forfeited are sufficient to make restitution to all of his victims with some left over. That is irrelevant, as Triton does not own Clanwilliam (the Trust does). It is also entirely speculative. Lindberg defrauded policyholders out of more than $1.1 billion, *see* ECF No. 9-11, and Lindberg offers no evidence that the value of his forfeited assets exceed the amount he owes in restitution. "To have Article III standing, a plaintiff must show [that] it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *El Paso Cnty. v. Trump*, 982 F.3d 332, 337 (5th Cir. 2020) (cleaned up). Lindberg's speculation that he might receive an ownership interest in the Trust settlor at some unknown point in the future is insufficient to create a concrete, actual injury.

4

*Third*, Lindberg argues (at 6-8) that under the assignment agreement he retains an ownership interest in Triton "solely for federal, state and local tax purposes." That only means that Lindberg will continue to pay taxes on his shares of Triton – not that he owns or controls them. Lindberg asserts (at 7) that the sale of Clanwilliam by the Trust will create tax liability for him, but he provides no evidence to support that claim, as is his burden. *See Pelletier*, 780 F. App'x at 140. Because Lindberg fails to provide evidence of a concrete, particularized injury based on the Clanwilliam sale, the Court lacks Article III jurisdiction over his claims.

## II.  THE COURT LACKS STATUTORY DIVERSITY JURISDICTION OVER LINDBERG'S CLAIMS

Lindberg's opposition confirms that the parties are not diverse. Lindberg asks the Court (at 9) to "infer . . . from [his] residency allegation" that he is a citizen of Florida. This clarification destroys diversity jurisdiction, because one of TA Associates' partners is a citizen of Florida, Price Decl. ¶ 4, ECF No. 9-1, and diversity jurisdiction requires "all persons on one side of the controversy [to] be citizens of different states than all persons on the other side," *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

Lindberg does not (and cannot) dispute the sworn declaration of TA Associates' general counsel explaining that one of TA Associates' partners is a citizen of Florida. Price Decl. ¶ 4, ECF No. 9-1. He nevertheless "requests jurisdictional discovery to confirm TA Associates' partners' citizenships." Opp. at 10. There is no basis for such discovery, which would only waste the Court's time and the parties' resources. To obtain jurisdictional discovery, a plaintiff "must show that it is 'likely to produce the facts needed to withstand' dismissal" and "must make clear which 'specific facts' he expects discovery to find." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (citations omitted). Courts "will not authorize 'a jurisdictional fishing expedition' based on a plaintiff's general averments that more discovery

5

will prove [their] jurisdiction." *Id.* (citation omitted). That is because "[j]urisdictional discovery places an undue and unnecessary burden on the parties when the proponent of such discovery only supports the request by conjecture, speculation, or suggestion." *DigitalDesk, Inc. v. Bexar Cnty., Texas*, 2024 WL 2420810, at *11 (W.D. Tex. May 23, 2024) (denying jurisdictional discovery "requested on speculation without any factual basis"); *see also Butler v. Hinkle*, 2020 WL 9815860, at *7 (W.D. Tex. Aug. 25, 2020) ("Discovery need not be afforded where the discovery sought could not have added any significant facts.") (citations omitted).

      Here, the facts establish conclusively that the parties are not diverse, and Lindberg offers no reason to believe that discovery will change that. He gives no reason to question the sworn statement of TA Associates' general counsel explaining that one of TA Associates' partners is a citizen of Florida. Accordingly, there is no basis for jurisdictional discovery. *See Edmondson v. Cedar Park Health Sys., L.P.*, 2018 WL 4677897, at *3-4 (W.D. Tex. June 8, 2018) (no basis for jurisdictional discovery where defendant provided an affidavit "address[ing] the question of Defendant's citizenship," because "Defendant has provided to Plaintiff the information necessary to evaluate Defendant's citizenship," and "[t]here is not a genuine dispute regarding diversity of citizenship"), *report and recommendation adopted*, 2018 WL 4701812 (W.D. Tex. July 30, 2018); *Ann v. Lone Star Fund IV (U.S.), L.P.*, 2023 WL 5727317, at *12 (N.D. Tex. Aug. 22, 2023) (similar), *report and recommendation adopted*, 2023 WL 5725538 (N.D. Tex. Sept. 5, 2023). Jurisdictional discovery on TA Associates' citizenship is particularly inappropriate given the numerous independent bases for dismissal, including lack of standing and lack of personal jurisdiction. The Court should not permit Lindberg to engage in a fishing expedition in the guise of "confirming" the undisputed Florida citizenship of TA Associates' partner.

### III. THE COURT LACKS PERSONAL JURISDICTION OVER BOTH DEFENDANTS

Lindberg also fails to "present[ ] sufficient evidence to support a prima facie case supporting [personal] jurisdiction" over either Defendant. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (per curiam). This standard "does not require the court to credit conclusory allegations, even if uncontroverted." *Martin v. City of Las Vegas, City Hall*, 2024 WL 5078142, at *3 (W.D. Tex. Dec. 10, 2024) (citing *Panda*, 253 F.3d at 868-69). Lindberg's allegations here are both conclusory *and* controverted by sworn declarations establishing that neither Wilson nor TA Associates has any relevant Texas contacts. Lindberg offers no evidence to rebut these sworn statements or support a prima facie case of jurisdiction.

#### A.     The Court Lacks Personal Jurisdiction Over Wilson

Lindberg's brief argument (at 10-12) in support of personal jurisdiction over Wilson does not meaningfully respond to the defects that Defendants identified.

*First*, with respect to minimum contacts, Lindberg points to the Complaint's conclusory and unexplained allegation that "'the allegations complained of in this petition occurred while he was performing his duties as Trustee in Texas.'" Opp. at 11 (quoting Compl. ¶ 9). As the Motion explains, that bare-bones allegation is insufficient for personal jurisdiction. *See Stevens v. Anhui Deepblue Med. Tech. Co.*, 2023 WL 4383763, at *1 (W.D. Tex. May 4, 2023) ("[A] court need not credit conclusory allegations, even if uncontroverted."), *report and recommendation adopted*, 2023 WL 3973623 (W.D. Tex. June 13, 2023). At any rate, Lindberg does not respond to Wilson's declaration explaining that he has taken no relevant actions in Texas. *See* ECF No. 9-2; *see also JTH Tax, LLC v. Butschek*, 2020 WL 5083523, at *2 (S.D. Tex. Aug. 3, 2020) (on a Rule 12(b)(2) motion, "[t]he Court must construe allegations in the complaint as true, *except those controverted by affidavits submitted by a defendant*") (emphasis added).

7

Lindberg also cites the Complaint's allegations that Wilson managed non-Texas-based trusts that own assets based in Texas and agreed to resign from the board of one of those trusts as part of a "side deal" with M3 Partners to allow the Clanwilliam sale to go through. *See* Compl. ¶¶ 9, 109.  But the Complaint does not claim Wilson took any action with respect to the Texas-based assets, and there is no allegation that Wilson actually *did* resign from the other trust. Lindberg cites no authority suggesting that merely serving as a trustee of an out-of-state trust that holds an asset located in the forum state suffices for minimum contacts.

*Second*, with respect to whether the claims here arise out of or relate to Wilson's supposed Texas contacts, Lindberg argues (at 11) that the claims arise out of "mismanagement of trust assets, including those in Texas," but that is not accurate.  The Complaint specifically alleges mismanagement of the Clanwilliam Trust, but it does not allege that the Trust holds assets in Texas.  Compl. ¶¶ 35-42.  Moreover, although the opposition states (at 11), without citation or support, that Wilson is the trustee for "Texas-based" trusts, the Complaint contains no such allegation and does not allege that the Clanwilliam Trust has any connection to Texas whatsoever. Lindberg again points to the supposed "side deal" with M3 Partners in which Wilson allegedly agreed to resign as trustee from another trust that has a Texas-based asset, but the claim of mismanagement of the Clanwilliam Trust does not arise out of or relate to that asset (even if the bare existence of that asset could satisfy the minimum-contacts requirement), especially because Lindberg does not allege that Wilson actually did resign from the other trust.[1]

---

[1] *Monkton Insurance Services, Ltd. v. Ritter*, 768 F.3d 429 (5th Cir. 2014), cited by Lindberg (at 11-12), does not support the exercise of personal jurisdiction here.  Instead, it stands for the proposition that, "to exercise jurisdiction consistent with due process, the defendant's *suit-related conduct* must create a *substantial* connection with the forum State."  768 F.3d at 433 (upholding dismissal for lack of personal jurisdiction) (emphases added).

8

*Finally*, Lindberg makes no serious argument that exercising jurisdiction over a Colorado citizen in connection with these allegations would be consistent with basic fairness. Opp. at 11-12. While Texas has an interest in regulating the management of Texas-based companies, there is no allegation that any Texas company was affected in any way by the alleged conduct.

### B. The Court Lacks Personal Jurisdiction Over TA Associates

Lindberg likewise fails to establish personal jurisdiction over TA Associates. His Complaint alleges only a single contact between TA Associates and Texas – that TA Associates "has offices in Austin, Texas." Compl. ¶ 10. But the Complaint does not allege any connection between that single office and the Clanwilliam sale, and Lindberg's opposition offers no evidence of such a connection. *See Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 372 (5th Cir. 2024) (specific jurisdiction requires "a sufficient connection between a defendant's forum-related contacts and a plaintiff's causes of action").[2] To the contrary, the sworn declaration of TA Associates' general counsel explains that the negotiations over the purchase of Clanwilliam were "led by a team out of [TA Associates'] London office, not the Austin office." Price Decl. ¶ 3, ECF No. 9-1. Lindberg's opposition does not dispute that sworn statement.

Lindberg likewise offers no basis for his request (at 13) for jurisdictional discovery "to confirm TA Associates' Texas office connection" to the Clanwilliam sale. He offers no reason to question the sworn declaration of TA Associates' general counsel, no facts suggesting any connection between TA Associates' Texas office and the transaction at issue, and no basis to believe that discovery will reveal any information supporting personal jurisdiction. His "vague assertions of hope that it would lead to the discovery of unspecified facts" are "insufficient to

---

[2] Lindberg's opposition does not argue that the Court has general personal jurisdiction over TA Associates, nor could it. General jurisdiction over a corporate entity exists only in the forums in which the entity is headquartered and incorporated, and TA Associates is headquartered in Boston and organized under the laws of Delaware. *See* Mot. at 18 & n.6.

9

allow jurisdictional discovery." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902-03 (5th Cir. 2024); *see also supra* pp. 5-6 (collecting additional authority).

### IV. IF THE COURT REACHES THE MERITS, IT SHOULD DISMISS LINDBERG'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Finally, should the Court reach the merits of Lindberg's Complaint despite its myriad jurisdictional defects, the Court should dismiss the Complaint for failure to state a claim under Rule 12(b)(6). Defendants' Motion (at 19-20) cited controlling authority establishing that Lindberg's fiduciary-duty claims fail as a matter of law because Wilson, as trustee, owes no duty to Lindberg as a non-beneficiary and that Lindberg's derivative claims (conspiracy and tortious interference) fail because Lindberg's Complaint failed to allege any underlying tort (i.e., breach of fiduciary duty). *See also Ron v. Ron*, 2020 WL 1426392, at *6-7 (S.D. Tex. Feb. 4, 2020), *report and recommendation adopted*, 2020 WL 1700320 (S.D. Tex. Mar. 23, 2020), *aff'd*, 836 F. App'x 192 (5th Cir. 2020). Lindberg's opposition fails to address any of this authority, and the three cases he cites are inapposite: None addresses whether a trustee can owe a duty to a non-beneficiary.[3]

### CONCLUSION

The Court should dismiss Lindberg's Complaint for lack of jurisdiction or, in the alternative, for failure to state a claim.

---

[3] Lindberg's first case, *Huie v. DeShazo*, 922 S.W.2d 920, 921-23 (Tex. 1996), discusses the duties a trustee owes a beneficiary, not a third party. His second case, *Klein v. Century Lloyds*, 275 S.W.2d 95 (Tex. 1955), addresses insurance coverage after a car crash, not a trustee-beneficiary relationship. And his third case, *Herschbach v. City of Corpus Christi*, 883 S.W.2d 720, 735 (Tex. App. 1994), makes no mention of third parties.

Case 1:25-cv-00133-DAE   Document 19   Filed 03/31/25   Page 15 of 15

Dated: March 31, 2025

Respectfully submitted,

*/s/ John F. Bash* (with permission)
John F. Bash
State Bar No. 24067504
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
Tel: (737) 667-6100
Fax: (737) 667-6110
johnbash@quinnemanuel.com

Eric D. Wolkoff (*pro hac vice* pending)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
Fax: (617) 712-7200
ericwolkoff@quinnemanuel.com

*Counsel for Defendant*
*Hugh Steven Wilson*

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
Lourdes Ortiz
State Bar No. 24134904
CLEVELAND KRIST PLLC
303 Camp Craft Road, Suite 325
West Lake Hills, Texas 78746
Tel: (512) 689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com
lortiz@clevelandkrist.com

Kevin B. Huff (*pro hac vice* pending)
Thomas G. Schultz (*pro hac vice* pending)
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
khuff@kellogghansen.com
tschultz@kellogghansen.com

*Counsel for Defendant TA Associates, L.P.*

## CERTIFICATE OF SERVICE

I certify that this filing was served on in the above-captioned cause through the e-filing service and/or by email on March 31, 2025.

*/s/ Austin H. Krist*
Austin H. Krist